SANDRA R. BROWN
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
PAUL H. ROCHMES (Cal. Bar No. 077928)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2413
    Facsimile: (213) 894-0115
    E-mail: paul.rochmes@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>EILEEN McGREW, PHH MORTGAGE CORPORATION, STATE OF CALIFORNIA FRANCHISE TAX BOARD,<br><br>    Defendants | No. CV 14-02647-R(ASx)<br><br>FINDINGS OF FACT AND ORDER RE: STAY AND DISTRIBUTION OF PROCEEDS OF RE-FINANCE OF SUBJECT PROPERTY PENDING APPEAL<br><br>No Hearing Required |

Based on the stipulation filed on December 29, 2017 (Doc. 80) (the "Stipulation") between plaintiff United States of America and defendant Eileen McGrew, the pleadings previously filed in this case, the findings of fact and conclusions of law previously made by the Court, and good cause appearing, the Court hereby makes the following findings of fact and enters the following Order.

**FINDINGS OF FACT**

1. On December 19, 2014, the district court entered a Judgment And Order of Sale (the "Judgment"), ordering that the real property that is the subject of this action (the "Property") be sold by the Internal Revenue Service in partial satisfaction of certain federal tax liens (the "Tax Liens") that encumber the Property. (Doc. 47, 69; Stipulation, ¶ 1).

2. Defendant Eileen McGrew (McGrew") is the legal owner of the Property. (Stipulation, ¶ 2).

3. The Property is located at 15303 Braun Court, Moorpark, California 93021 and is legally described as:

> Lot 66, Tract No. 3963-1, in the City of Moorpark, County of Ventura, State of California, as per map recorded in Book 107, page 90 through 103 inclusive of maps, in the office of the County Recorder of said county.
> Except all of the coal, lignite, coal oil, petroleum, naptha asphaault, maltha, brea, natural gas, and all kindred or similar substances and other rights as reserved by Simi Land and Water company in deed recorded November 16, 1889, in Book 29, page 514, of deeds.
> By instruments recorded October 13, 1972, in book 4475, page 900 and October 7, 1986, as instrument 86-138922, official records, all rights to enter upon the surface of said land and to use any of the subsurface of said land above a depth of 100 feet below the surface thereof were relinquished.

(Doc. 47; Stipulation, ¶ 3).

4. On January 13, 2015, McGrew filed a notice of appeal. (Doc. 48; Stipulation, ¶ 4).

5. On October 17, 2016, the Ninth Circuit Court of Appeals (the "Circuit Court") affirmed the Judgment. (Doc. 58, 59; Stipulation, ¶ 5).

6. On November 29, 2016, McGrew filed a Petition for Panel Rehearing (the "Petition"). (Stipulation, ¶ 6).

7. On December 5, 2016, the Circuit Court denied the Petition. (Stipulation, ¶ 7).

8. On December 14, 2016, McGrew filed a Motion for Relief From Final Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (the "Rule 60(b) Motion"). (Doc. 60; Stipulation, ¶ 8).

9. On March 7, 2017, the district court denied the Rule 60(b) Motion. (Doc. 67; Stipulation, ¶ 9).

10. On March 23, 2017, McGrew filed a notice of appeal, appealing the denial of the Rule 60(b) Motion (the "Second Appeal"). (Doc. 70; Stipulation, ¶ 10).

11. On March 29, 2017, McGrew filed a motion to stay the execution of the Judgment pending the Second Appeal (the "Stay Motion"). (Doc. 72; Stipulation, ¶ 11).

12. On July 13, 2017, the district court denied the Stay Motion. (Doc. 79; Stipulation, ¶ 12).

13. The Second Appeal is currently pending before the Circuit Court. (Stipulation, ¶ 13).

14. McGrew has entered into an agreement with a lender to re-finance the Property (the "Refinance Loan"). (Stipulation, ¶ 14).

15. The Property is encumbered by a deed of trust that was entered into to secure a loan that was made by PHH Mortgage Corporation (the "PHH Loan). (Stipulation, ¶ 15).

16. Plaintiff United States of America is willing to stay the execution of the Judgment pending the Second Appeal, provided that funds from the Re-Finance Loan are

disbursed from an escrow account (the "Escrow Account") as set forth below. (Stipulation, ¶ 16).

**ORDER**

1. Upon the funding of the Refinance Loan, the outstanding balance on the PHH Loan shall be paid from the Escrow Account to PHH Mortgage Corporation or, if the loan has been assigned to another entity, to the assignee. (Stipulation, ¶ 17).

2. Following the payment of the PHH Loan, $238,565.05 of the remaining funds shall be disbursed as follows:

    (a) $99,390.00 shall be paid to the United States Department of Justice; and

    (b) $139,175.05 shall be paid to McGrew's attorneys, Panitz & Kossoff, LLP, for immediate deposit into the Panitz & Kossoff, LLP client trust account (the "Client Trust Account").

(Stipulation, ¶ 18).

3. Any funds that remain following the disbursements specified in paragraph 2 of this Order shall be paid to McGrew. (Stipulation, ¶ 19).

4. The $139,175.05 referenced in paragraph 2(b) of this Order shall remain in the Client Trust Account pending the resolution of the Second Appeal, and further agree that they shall immediately issue a check to the United States Department of Justice (the "DOJ") in the amount of $139,175.00 if:

    (a) (i) the Circuit Court affirms the district court's denial of the Rule 60(b) motion, and (ii) McGrew either fails, within 90 days of the issuance of the Ninth Circuit's mandate with respect to the Second Appeal to file a petition for a writ of certiorari in the Supreme Court, or McGrew files such a petition, and the petition is denied by the Supreme Court; or

    (b) the Supreme Court grants such a petition for writ of certiorari and then either (i) dismisses the writ or (ii) rules against McGrew with respect to the Ninth Circuit's affirmance of the district court's denial of the Rule 60(b) Motion.

(Stipulation, ¶ 20).

1  5. The United States of America shall not execute the Judgment pending the
2  resolution of the Second Appeal, provided that:
3      (1) (a) the funds from the Refinance Loan are disbursed as described in paragraph
4          2 of this Order, and
5        (b) McGrew's attorneys disburse $139,175.05 to the Department of Justice
6          from the Client Trust Account within 90 days of the denial of the Second Appeal
7          by the Ninth Circuit, or within 10 days of (i) the denial by the Supreme Court of
8          McGrew's petition for a writ of certiorari, (ii) the dismissal of any such petition or
9          (iii) the denial of the writ or other ruling by the Supreme Court affirming the
10         district court's denial of the Rule 60(b) Motion, whichever is later; and further
11         provided that
12     (2) McGrew has continued to maintain the Property, timely pay all applicable real
13     property taxes with respect to the Property, and has maintained fire insurance on
14     the Property during the pendency of the Second Appeal and any related
15     proceedings before the Supreme Court.
16 (Stipulation, ¶ 21).
17     6. The United States of America shall release the Tax Liens from
18 encumbering the Property upon the disbursement of the funds from the Refinance Loan
19 as described in paragraph 18 (the "Discharge"), provided that McGrew has submitted to
20 the Internal Revenue Service, and the Internal Revenue Service has accepted, a properly
21 completed and executed Form 14135 (Application for Discharge) with respect to the Tax
22 Liens. (Stipulation, ¶ 22).
23 //
24 //
25 //
26 //
27 //
28 //

7. Upon the Discharge, the Tax Liens will attach to the $139,175.05 maintained in the Client Trust Account pursuant to Paragraph 18(b), until such time as (a) the $139,175.05 is paid to the United States pursuant to paragraph 21(b), or the Court of Appeals or the United States Supreme Court reverses the district court's denial of the Rule 60(b) Motion, upon which time the Tax Liens will be released from the $139,175.05 without any further action by the court or the Internal Revenue Service. (Stipulation, ¶ 23).

8. The parties shall cooperate in the execution of any escrow instructions that may be necessary to effectuate the disbursement of funds described in Paragraph 2 of this Order. (Stipulation, ¶ 24).

9. The district court shall retain jurisdiction to enforce this Order. (Stipulation, ¶ 25).

Dated: January 8, 2018

_____
Hon. MANUEL L. REAL
United States District Judge

CC: FISCAL

Submitted By:

__/s/ Paul H. Rochmes_____
PAUL H. ROCHMES
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

5